Don Springmeyer, Esq.
Nevada State Bar No. 1021
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
*Attorneys for Plaintiff (additional counsel
listed in signature block)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND WRIGHT, an individual and resident of Nevada; on behalf of himself and all similarly-situated individuals, | CASE NO.: |
| Plaintiff, | |
| vs. | **COLLECTIVE ACTION / CLASS ACTION COMPLAINT** |
| JACOB TRANSPORTATION, LLC, a Nevada Limited Liability Company, D/B/A EXECUTIVE LAS VEGAS, | |
| Defendant. | |

Plaintiff Raymond Wright, through undersigned counsel, on behalf of himself and all persons similarly situated (the "Class"), complains and alleges as follows:

## INTRODUCTION

1.      This lawsuit is a collective and class action brought by Plaintiff, on behalf of himself and all similarly-situated, non-exempt hourly employees employed as Shuttle Bus Drivers of Jacob Transportation, LLC D/B/A Executive Las Vegas (herein "Defendant"), to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and N.R.S. §§ 608.016 and 608.140.

2.      This lawsuit is a result of Defendant's failure to pay Plaintiff and other similarly-situated employees who are members of the Class and Nevada state-law class defined herein all lawfully earned and due wages.

3.      Defendant required Plaintiff and similarly-situated employees to work off-the-clock without compensation.

4.      For any minimum-wage employee of Defendant, any unpaid compensable time necessarily creates a violation of the FLSA's minimum wage provisions, or corresponding state-law minimum wage provisions, because the true average wage when unpaid work time is calculated falls below levels required by law.

5.      Some of Plaintiff's compensable, unpaid time is overtime subject to the FLSA, as it represents time worked beyond forty (40) hours in a given workweek.

6.      This lawsuit seeks to vindicate the fundamental proposition that employees should be paid for all time worked for an employer at the levels required by law.

7.      The FLSA collective action and the state-law class action here proposed are designed to recapture pay, plus award appropriate damages for unpaid work by Plaintiff and those similarly situated.

8.      Simply put, Defendant failed to pay wages for unlawfully-required off-the-clock work, does not pay one-and-a-half times employees' regular rates for unpaid overtime worked by Plaintiff and similarly-situated employees, and does not pay minimum required wages to its many minimum-wage employees.

9.      Plaintiff, and those similarly situated, are former and current employees of Defendant, who worked or are now working as non-exempt hourly employees as shuttle bus drivers and other similar occupations.

10.      Defendant retaliated against Plaintiff, by firing him, once it learned he was invoking his FLSA rights to be paid properly under the law.

## PARTIES

11.      Plaintiff Raymond Wright is a resident of the State of Nevada, who, up until November 21, 2014, was employed by Defendant in Clark County, Nevada. Mr. Wright, and those similarly situated, worked for Defendant as Shuttle Bus Drivers contracted to McCarran International Airport to provide shuttle services between McCarran International Airport and its economy parking lots.  Mr. Wright worked for Defendant as a Shuttle Bus Driver from December 8, 2010, until November 21, 2014.

12.      From December 8, 2010, to October 4, 2014, Mr. Wright was paid on a commission

basis which worked out to an average hourly rate of $10.18.  After October 4, 2014, Mr. Wright was paid $7.25 per hour.

13.     Defendant Jacob Transportation, LLC, D/B/A Executive Las Vegas, is a Nevada Limited Liability Corporation with its principal place of business located at 3950 Tompkins Avenue, Las Vegas, Nevada.  Jacob contracts with McCarran International Airport to shuttle travelers between the airport and the airport's economy lot.  At all times relevant herein, Defendant was an employer engaged in commerce under the FLSA, 29 U.S.C. § 201 *et seq.*, and N.R.S. § 608.011.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201 *et seq.*

15.     Specifically, pursuant to 29 U.S.C. § 216(b), this suit "may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

16.     This Court further has jurisdiction because Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a).

17.     The Court has jurisdiction over the Nevada state law wage and hour class pursuant to 28 U.S.C. § 1367 because the facts supporting Plaintiff's FLSA claims are derived from a common nucleus of fact that support the state wage and hour claim such that they should be adjudicated in one judicial proceeding.

18.     Furthermore, the basic thrust of this suit is to ensure payment by Defendant for all hours worked; all claims stem from the refusal of Defendant to lawfully compensate Plaintiff and Class members for all hours worked in their employ.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff herein occurred within this judicial district, and Defendant regularly conducts business in and has engaged and continues to engage in the wrongful conduct alleged herein—and, thus, is subject to personal jurisdiction—in this judicial district.

**GENERAL ALLEGATIONS**

20.    The fundamental protections afforded by the FLSA and the Nevada laws covering wages and hours are payment of wages to employees for all hours worked, payment of premium overtime wages for all hours worked above forty (40) hours per week, and payment of a minimum hourly wage guaranteed by law.

21.    Plaintiff, Class members, and society at large rightfully expect that time worked will be compensated. This is the fundamental social and economic bargain between employers and employees, and failure to pay for hours worked represents a breach of a basic obligation by Defendant.

22.    Specifically, Plaintiff complains that Defendant violates the protections of the FLSA and pertinent state laws by not paying for all hours worked by employees, not paying the appropriate earned overtime wage rate to employees, and not paying minimum wages mandated by state and/or federal law.

23.    Plaintiff and the Class members have worked for periods of time for which they have not been paid at all, in violation of applicable state and federal laws.

24.    During the course of his employment with Defendant, Mr. Wright was required to work 45 to 50 hours per week and work off-the-clock.  For example, the Executive Las Vegas Airport Transfer Service form (attached as Exhibit 1) shows Mr. Wright had a time punch of 3:27 AM for December 25.  This is when Mr. Wright first appeared at Defendant's office.  Another time punch shows 4:00 AM, this is when he punched in at the airport and was considered on-the-clock by Defendant.  In other words, Defendant did not pay Mr. Wright for the thirty-three (33) minutes between when he first arrived at work and when he arrived at the airport to drive the shuttle bus.  The same form shows that Mr. Wright clocked out at the airport at 13:32 (1:32 PM), another punch shows he clocked out at his Defendant's office at 2:01 PM.  Defendant failed to pay Mr. Wright for this time, resulting in another twenty-nine (29) minutes of uncompensated time.  In fact, the sheet shows he was only paid for 9.5 hours when he worked more than ten (10) hours that day.

25.    This pattern was repeated every day he was scheduled to work and resulted in more than an hour of time each day that Defendant failed to pay him.  Prior to October 4, 2014, this resulted in a loss of overtime wages for Mr. Wright; after October 4, 2014, this resulted in both loss of overtime and

minimum wages for Mr. Wright.  Mr. Wright's consent to sue is attached as Exhibit 2 to the Complaint.

26.     Due to Defendant's policies and practices, Plaintiff and Class members have been required to appear and perform work prior to and to remain after scheduled shifts without compensation.

27.     This resulted in unpaid compensable time worked by Plaintiff and Class members, both overtime and "straight" time, and after October 4, 2014, Defendant's minimum-wage level employees, caused failure to compensate employees at minimum wage levels per hour.

28.     Defendant is aware of, and encourages, this practice.

29.     As a result of the foregoing, Defendant has failed, willfully, to maintain accurate and appropriate records of hours, wages, and overtime as required by state and/or federal law.

30.     The total time worked by Plaintiff and Class members is substantially understated by Defendant's inaccurate records.

**Defendant's Minimum Wage Violations**

31.     Under state and federal law, Defendant must pay a mandated minimum wage per hour to its employees. The FLSA requires a $7.25 per hour minimum wage rate.  On October 4, 2014, Defendant lowered its Shuttle Bus Driver's rate of pay to $7.25 from an average of $10.18 per hour. Defendant's Executive Policy (attached as Exhibit 3) shows the lowering of the Shuttle Bus Driver's wage and the requirement that is must pay the employee for every hour worked.

32.     An employee paid only the minimum wage for hours recorded as worked, but made to work off-the-clock in any week is not, by definition, being paid the required minimum wage for that week.

33.     For example, referring back to paragraph 24, the amount off-the-clock work Plaintiff suffered that day was approximately one (1) hour.  Applying this hour across the entire workweek yields, at a minimum, five (5) hours of uncompensated time for Plaintiff per week.  Because, he was only paid $7.25 per hour, the off-the-clock work lowered his actual rate of pay to $6.59 (50*7.25/55) per hour, less than allowed by law.

34.     Through a common and enforced practice, Defendant willfully circumvents minimum

1  wage requirements, at the expense of Plaintiff and Class members, by forcing unpaid work upon

2  minimum wage employees.

3  **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

4  35.    Plaintiff brings this action as a collective and class action seeking to certify the

5  following Class and Sub-classes:

6  a.    A FLSA § 216(b) Collective Action; and

7  b.    Nevada State Law Wage & Hour Class.

8  36.    The Class members Plaintiff seeks to represent in the FLSA Collective Action includes:

9  All current and former hourly employees employed as Shuttle Bus
10  Drivers by Jacob Transportation, LLC D/B/A Executive Las Vegas
   during the last three years.

11  37.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to

12  29 U.S.C. § 216(b).

13  38.    With respect to the claims set forth in the FLSA action, a conditional certification under

14  the FLSA is appropriate because the members of the proposed Class described above are "similarly

15  situated" to Plaintiff under 29 U.S.C. § 216(b).

16  39.    The class of employees on behalf of whom Plaintiff brings this collective action are

17  similarly situated because: (a) they have been or are employed by Defendant in the same or similar

18  hourly positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan;

19  (c) their claims are based upon the same factual and legal theories; and (d) the employment

20  relationships between Defendant and every Class member are the same.

21  40.    The case will be manageable as a collective action. Plaintiff and his counsel know of no

22  unusual difficulties in the case.

23  **NEVADA CLASS ACTION ALLEGATIONS**

24  41.    Plaintiff re-alleges and incorporates herein by this reference all the paragraphs above in

25  this Complaint as though fully set forth herein.

26  42.    Plaintiff Raymond Wright brings this action pursuant to F.R.C.P. 23 on behalf of

27  himself and all others similarly situated, as representative member of the following proposed Nevada

28  Class:

> All current and former hourly employees employed as Shuttle Bus Drivers by Jacob Transportation, LLC D/B/A Executive Las Vegas during the last three years.

43.   N.R.S. Chapter 608 requires Defendant pay Plaintiff and members of the proposed Class all wages, when due, for all hours of work at their regular or promised hourly rate on their regular pay date.  Defendant's Executive Policy (Exhibit 3) shows that it agreed to pay the Shuttle Bus Drivers for all hours worked.

44.   *Numerosity*: The members of the proposed Class are so numerous that individual joinder of all members is impracticable under the circumstances of this case, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of members should be readily available from a review of Defendant's personnel and payroll records.

45.   *Commonality/Predominance*: Common questions of law or fact are shared by the members of the proposed Class. This action is suitable for class treatment because these common questions of fact and law predominate over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following:

   a.   Whether Defendant paid Class members all wages owed for all hours of work performed;

   b.   Whether Defendant's violations were willful;

   c.   The correct statute of limitations for Class members' claims;

   d.   Whether Defendant is liable for pre-judgment interest; and,

   e.   Whether Defendant is liable for attorneys' fees and costs.

46.   *Typicality*: Plaintiff's claims are typical of those of the proposed Class, and the relief sought is typical of the relief which would be sought by each member of the Class in a separate action. Plaintiff and all other proposed Class members sustained similar losses, injuries, and damages as a direct and proximate result of Defendant's same unlawful policies and/or practices. Plaintiff's claims arise from Defendant's same unlawful policies, practices, and/or course of conduct as all other proposed Class members' claims in that Plaintiff was denied full wages for each hour worked, and Plaintiff's legal theories are based on the same legal theories as all other proposed Class members.

Defendant's compensation policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts to each Class member.

47.    *Adequacy*: Plaintiff is an adequate representative of the proposed Class because Plaintiff is a member of the proposed Class he seeks to represent and his interests do not conflict with the interests of the other members of the proposed Class that Plaintiff seeks to represent. Plaintiff has retained counsel that is competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the proposed Class will be fairly and adequately protected by Plaintiff and his counsel. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the proposed Class.

48.    *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for proposed Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

49.    The case will be manageable as a class action. Plaintiff and his counsel know of no unusual difficulties in the case.

50.    Because the elements of F.R.C.P. 23(b)(3), or in the alternative F.R.C.P. 23(c)(4), are satisfied in the case, class certification is appropriate.

## RETALIATION ALLEGATIONS

51.    On or about November 21, 2014, Defendant requested Plaintiff to meet with it to discuss a potential promotion. During that meeting, Defendant revealed that it knew Plaintiff was involved

with protecting his and his coworker's rights to be properly compensated under the FLSA and Nevada laws and that he had made complaints about uncompensated work.

52.     As a result, Defendant terminated Plaintiff's employment.

## FIRST CLAIM FOR RELIEF

### (FLSA Collective Action)

### Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

### Failure to Pay Minimum Wage

### (By Plaintiff and the Collective Class against Defendant)

53.     All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

54.     At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Class members within the meaning of the FLSA.

56.     At all relevant times, Defendant engaged in a policy and practice of willfully refusing to pay employees for all hours worked.

57.     Defendant's failure to pay Plaintiff and each of the Class members for all hours worked resulted in violations of the FLSA's minimum wage provisions for any and all employees with unpaid minimum wage-rate hours.

58.     Defendant has violated, and continues to violate, the minimum wage provisions of the FLSA, 29 U.S.C. § 201 *et seq*.

59.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the Class members, are entitled to recover from Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

9

**SECOND CLAIM FOR RELIEF**

**(FLSA Collective Action)**

**Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***

**Failure to Pay Overtime Wages**

**(By Plaintiff and the Collective Class against Defendant)**

61.     All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

62.     Defendant engaged in a policy and practice of willfully refusing to pay employees appropriate overtime compensation for all hours worked in excess of forty (40) hours per work week by Plaintiff and each of the Class members.

63.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and Class members, premium overtime pay for all hours worked at a rate not less than one-and-one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per work week, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201 *et seq.*

64.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.     Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Class, are entitled to recover from Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**

**(Nevada Class Action)**

**Violation of N.R.S. §§ 608.016, 608.140**

**Failure To Pay Wages**

**(On Behalf of Plaintiff and the Class against Defendant)**

66.     All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

67.     N.R.S. § 608.016 provides: "An employer shall pay to the employee wages for each hour the employee works."

68.     As described and alleged herein, by not compensating Plaintiff and Class members for all hours worked in their employ, Defendant failed to pay Plaintiff and Class members the required wages under the statute.

69.     As a result, Plaintiff and Class members have suffered and will continue to suffer damages.

70.     Defendant's failure to pay Plaintiff and Class members the required wage was willful, malicious and done with the intent to defraud and oppress Plaintiff and Class members, thus warranting punitive damages under N.R.S. § 42.005 and attorney fees under N.R.S. § 608.140.

**FOURTH CLAIM FOR RELIEF**

**Violation of 29 U.S.C. § 215 (a)(3)**

**Retaliation**

**(On Behalf of Plaintiff)**

71.     All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

72.     Section 15(a)(3) of the FLSA provides that it is a violation "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee"

73.     Retaliation requires: 1) involvement in a protected activity; 2) an adverse employment action; and 3) a causal link between the two. *Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1998). Here, Plaintiff engaged in protected activity when he complained to his supervisor about illegal pay practices on or about November 21, 2014.  In response, Defendant fired him.

74.     As a result, Plaintiff has suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of himself and all other similarly-situated members of the Collective Action and Class Actions, as appropriate, request that this Court

1    enter an Order:

2           A.      Certifying and providing notice to the Collective Action FLSA Class;

3           B.      Declaring Defendant violated the FLSA, and that such violations were willful;

4           C.      Granting judgment to Plaintiff and members of the Collective Action for claims of

5    unpaid premium overtime wages as secured by the FLSA and violation of the FLSA's minimum wage

6    provisions, along with appropriate liquidated damages, attorneys' fees, and costs of suit;

7           D.      Certifying the class action; designating Plaintiff as the Class Representative; designating

8    undersigned counsel as Class Counsel; declaring the practices here complained of as unlawful under

9    appropriate state laws; ordering other equitable and injunctive relief to remedy Defendant's violation of

10   the employment agreement and state laws;

11          E.      Granting judgment to Plaintiff and Class members on their claims of unpaid wages as

12   secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and

13   appropriate;

14          F.      Awarding Plaintiff damages in the form of back and future pay for Defendant's

15   retaliation against him;

16          G.      Ordering such other relief as the Court may deem necessary and just; and

17          H.      Awarding Plaintiff his attorneys' fees and costs of suit, including expert fees and costs.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

## JURY TRIAL DEMAND

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

3    on all issues so triable.

4          DATED this 12th day of January, 2015.

5                                             **WOLF, RIFKIN, SHAPIRO,**
                                              **SCHULMAN & RABKIN, LLP**
6
                                              By:    */s/ Don Springmeyer, Esq.*
7                                                    Don Springmeyer, Esq.
                                                     Nevada State Bar No. 1021
8                                                    3556 E. Russell Road, Second Floor
                                                     Las Vegas, Nevada 89120
9
                                                     David H. Grounds (pro hac vice pending)
10                                                   Jacob Rusch, Esq. (pro hac vice pending)
                                                     JOHNSON BECKER, PLLC
11                                                   33 South Sixth Street, Suite 4530
                                                     Minneapolis, Minnesota 55402
12
                                                     Jason J. Thompson, Esq. (pro hac vice pending)
13                                                   Jesse Young, Esq. (pro hac vice pending)
                                                     SOMMERS SCHWARTZ, P.C.
14                                                   2000 Town Center, Suite 900
                                                     Southfield, Michigan  48075
15
16                                                   *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

28