1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RAYMOND WRIGHT, an individual and resident of
Nevada on behalf of himself and all similarly-
situated individuals,

Plaintiff,

v.

JACOB TRANSPORTATION, LLC, a Nevada
Limited Liability Company, D/B/A EXECUTIVE
LAS VEGAS,

Defendant.

Case No.: 2:15-cv-00056-JAD-GWF

**Order Conditionally Certifying FLSA
Claims as a Collective Action,
Appointing Interim Class Counsel, and
Striking Affirmative Defenses
[##13, 16]**

Shuttle-bus driver Raymond Wright brings Fair Labor Standards Act (FLSA) and state labor-law claims on behalf of himself and all similarly situated employees of Jacob Transportation, LLC, who provided shuttle services to the economy parking lots at McCarran International Airport. Wright moves for conditional certification of his FLSA claims for minimum-wage and overtime violations, appointment of interim class counsel, and approval of a proposed collective-action notice.[1] He also asks the court to strike several of Jacob's affirmative defenses as immaterial.[2] I grant conditional certification of an FLSA class with plaintiffs' counsel as interim class counsel but deny approval of the proposed notice. I also strike Jacob's affirmative defenses 15, 40, 41, and 59.[3]

## Background[4]

Wright alleges he worked for Jacob Transportation, LLC as a McCarran airport economy-lot

---

[1] Docs. 13, 13-1.

[2] Doc. 16.

[3] Upon review of these motions, I found the issues suitable for resolution without oral argument and thus vacated the hearing previously scheduled for June 29, 2015.  L.R. 78-2; Doc. 33.

[4] The statements in this background section are taken from the complaint, are for context only, and are not to be construed as any finding of fact.

1  shuttle-bus driver[5] and was paid on a commission basis until October 4, 2014, when Jacob began to

2  pay him hourly.[6]  Wright alleges he was required to work 45–50 hours per week and work off the

3  clock,[7] often an extra half hour at the beginning and end of his shift—work that Jacob did not

4  consider on-the-clock work.[8]  Wright alleges that Jacob's policies and practices violated the FLSA

5  and Nevada's labor laws and that this unlawful treatment impacted all non-exempt, hourly paid,

6  economy-lot shuttle-bus drivers at Jacob.[9]

7        Wright filed his Collective Action/Class Action Complaint in January 2015, and Jacob

8  answered, asserting 59 affirmative defenses.[10]  Wright now moves to strike five of those affirmative

9  defenses under FRCP 12(f) as immaterial, "formulaic recitations that have been repeatedly stricken

10  by courts."[11]  He also moves under 29 U.S.C. § 216(b) for conditional certification of an FLSA class

11  of all current and former employees employed as McCarran Airport economy parking lot shuttle-bus

12  drivers by Jacob Transportation, LLC dba Executive Las Vegas during the last three years.  He asks

13  to appoint the law firms of Johnson Becker, Sommers Schwartz, and Wolf Rifkin Shapiro as interim

14  class counsel and for approval of a proposed notice and opt-in form.  I consider each request in turn.

15                                        **Discussion**

16  **I.      Motion for Conditional Certification**

17        The FLSA gives employees the right to sue their employer when they are not fairly

18  compensated for their work.[12]  Employees may sue individually or as part of a collective action under

19  _____

20  [5] Doc. 1 at 2.

21  [6] *Id.* at 2–3.

22  [7] *Id.* at 4.

23  [8] *Id.*

24  [9] *Id.* at 5.

25  [10] Doc. 12.

26  [11] Doc. 16 at 3.

27

28  [12] *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981); *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 799 (9th Cir. 2010).

1   29 U.S.C. § 216(b) on behalf of themselves and other similarly situated employees.[13]  Whether to

2   permit a collective action under the FLSA is within the court's discretion, and neither the Supreme

3   Court nor the Ninth Circuit has defined "similarly situated."[14]  I follow the courts in this circuit by

4   considering certification[15] in two stages.[16]

5          In the first stage, courts determine whether the potential class should be conditionally

6   certified to receive notice of the suit.[17]  "Under the FLSA . . . 'conditional certification' does not

7   produce a class with an independent legal status, or join additional parties to the action.  The sole

8   consequence of conditional certification is the sending of court-approved written notice to

9   employees, who in turn become parties to a collective action only by filing written consent with the

10  court."[18]  Thus, conditional certification "require[s] little more than substantial allegations, supported

11  by declarations or discovery, that the putative class members were together the victims of a single

12  decision, policy, or plan."[19]  "At this procedural stage, the court does not resolve factual disputes,

13

14  [13] 29 U.S.C. § 216(b); *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000)
15  (citation omitted).

16  [14] *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466–67 (N.D. Cal. 2004); *Small v. Univ.*
17  *Medical Ctr. of S. Nev.*, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013).

18  [15] For purposes of this order, I use the terms "class" and "certification" in a colloquial sense, as the
    point at this stage is to approve the sending of a notice of a collective action to similarly situated
19  employees, and no "class" is being certified under Rule 23.  *See Morgan v. Family Dollar Stores,*
    *Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (noting that "certification" of a collective action is a
20  device to facilitate notice to potential class members and does not actually "create a class of
21  plaintiffs" for a FLSA collective action).  "'Certification' is neither necessary nor sufficient for the
    existence of a representative action under FLSA, but may be a useful 'case management' tool for
22  district courts to employ in 'appropriate cases.'"  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir.
23  2010) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

24  [16] *Leuthold*, 224 F.R.D. at 466–67.

25  [17] *Id.* at 467.

26  [18] *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530 (2013) (citing *Hoffman-LaRouche*,
27  493 U.S. at 171–72).

28  [19] *Benedict v. Hewlett-Packard Co.*, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014) (quotation
    omitted); *see also Morton v. Valley Farm Transport, Inc.*, 2007 WL 1113999, at *2 (N.D. Cal. Apr.

1  decide substantive issues going to the ultimate merits, or make credibility determinations."[20]   It is

2  inappropriate to weigh the merits of underlying claims now; instead, the issue is "whether potential

3  opt-in plaintiffs may be similarly situated."[21]   Because courts generally have limited evidence at this

4  initial stage, the standard is lenient and it "typically results in conditional class certification."[22]

5         Wright contends that he and other shuttle-bus drivers are similarly situated in that they were

6  all employees of Jacob who drove passengers to and from the McCarran Airport economy parking

7  lot under Jacob's contract with Clark County.[23]   Before October 4, 2014, Wright and his fellow

8  drivers were paid a commission amounting to approximately $10 an hour; after that, they were all

9  paid $7.25 an hour.[24]   Wright alleges that Jacob also failed to compensate him and the other drivers

10  for the approximate 30-minute periods bookending their workdays.[25]

11         To support these contentions, Wright submits both his own declaration and that of Russell

12  Jenkins, who has consented to be joined in this suit.[26]   He declares he was not paid for time between

13  arriving at Jacob's offices and when he arrived at the economy airport lot because Jacob's policy was

14  to pay only for time when the shuttle's GPS indicated the driver had left the economy lot.[27]   Wright

15  also declares he had to refuel the shuttle when driving between the office and the economy lot but

16  was not compensated for the time it took to do so.[28]   During Wright's employment, Jacob had

17  _____

18  13, 2007)) (internal quotation marks omitted).

19  [20] *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted).

20  [21] *Id.* at 368.

21

22  [22] *Leuthold*, 224 F.R.D. at 467 (citations omitted).

23  [23] Doc. 13 at 7.

24  [24] *Id.*

25  [25] *Id.*

26  [26] Docs. 7, 14-1, 14-2.

27  [27] Doc. 14-1 at 4.

28  [28] *Id.*

between 4–5 shuttle-bus drivers; Wright declares that he "observed and talked to other drivers and they experienced the same off-the-clock and lack of overtime compensation from Jacob that [he] experienced."[29]  Wright attaches what purports to be a charter log for one day.[30]  Jenkins's declaration largely corroborates Wright's.  He declares that, during his employment with Jacob from December 2010 to March 2014, he was not paid for time spent between clocking in and arriving at the economy lot.[31]

Applying the lenient standard for conditional certification and recognizing that only a modest showing is required at this preliminary stage,[32] I find that conditional certification should be granted in this case.  The allegations in Wright's complaint, as well as Wright and Jenkins's declarations, suggest a substantial similarity between Wright's experience at Jacob and that of the other members of the proposed group.[33]  Jacob's challenge to Wright's factual showing—that only a handful of employees were denied overtime payments—is of no consequence.[34]  Jacob relies on *Flores v. Lifeway Foods, Inc.*, a Northern District of Illinois case, in which the court determined that evidence of wage violations from "two out of fifty employees . . . does not rise to the level of a common policy or plan."[35]  In Wright's case, the prospective class size is currently unknown.

Jacob also offers several arguments that go to the merits of the claims: (1) that Wright's own admissions indicate he was paid well in excess of the minimum wage; (2) the U.S. Supreme Court has recently ruled that claims similar to those Wright alleges did not qualify as FLSA violations; (3)

---

[29] *Id.* at 5.

[30] *Id.*

[31] Doc. 14-2 at 3.

[32] *Leuthold*, 224 F.R.D. at 467 (citations omitted).

[33] I note that Wright's declaration refers to his conversations with "shuttle bus drivers," and not specifically to drivers under contract with Clark County or whose job duties took them between McCarran and the economy parking lots.  *See* Doc. 14-1 at 4.  I find insufficient evidence that Wright intends to broaden the class of drivers to all of Jacob's "shuttle bus drivers."

[34] Doc. 20 at 4.

[35] 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003).

1    that Wright alleges no damages because he would have been subjected to greater costs if he had been

2    required to commute in his own private vehicle to the airport; (4) Wright provides no evidence of his

3    compensation and the fact he was not properly paid; and (5) Wright's claims fall under an exception

4    to the Federal Motor Carrier Act.[36]  But these merit-based challenges are more properly presented in

5    a dispositive motion, and the court does not consider them in evaluating conditional certification.[37]

6           In sum, I find that the degree of similarity between Wright and all other persons employed by

7    Jacob Transportation, LLC dba Executive Las Vegas as McCarran International Airport economy-lot

8    shuttle-bus drivers during the last three years justifies the conditional certification of Wright's FLSA

9    claims for minimum-wage and overtime violations as a collective action at this time.

10   **II.**    **Appointment of Interim Class Counsel**

11           Having now determined that conditional certification is appropriate, I turn to plaintiff's

12   request to appoint the law firms of Wolf Rifkin Shapiro, Johnson Becker, and Sommers Schwartz as

13   interim class counsel.[38]  Jacob does not oppose this portion of plaintiff's motion.

14           "Although neither the federal rules nor the advisory committee notes expressly so state, it is

15   generally accepted that the considerations set out in [Federal Rule of Civil Procedure] 23(g)(1)(C),

16   which governs appointment of class counsel once a class is certified, apply equally to the designation

17   of interim class counsel before certification."[39]  Rule 23(g)(3) provides that "[t]he court may

18   designate interim counsel to act on behalf of a putative class before determining whether to certify

19   the action as a class action."  Under Rule 23(g)(1), courts must consider four factors when

20   appointing counsel "[u]nless a statute provides otherwise."[40]  These four factors are:

21         (i)     the work counsel has done in identifying or investigating potential claims in

22               the action;

---

23   [36] *See* Doc. 20.

24   [37] *See Kairy v. Supershuttle Intern., Inc.*, 2009 WL 1457971, at *2 (N.D. Cal. May 21, 2009).

25   [38] Doc. 13 at 9–12.

26

27   [39] Fed. R. Civ. P. 23(g)(1); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing cases).

28   [40] Fed. R. Civ. P. 23(g)(1).

(ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.[41]

Under the federal procedural rules, courts "may [also] consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."[42]

I find each element satisfied here.  Based on the substantive work plaintiff's counsel has already invested in this case, their attested experience in handling class actions and complex civil litigation, their claimed knowledge of this legal area, and their stated commitment to providing the necessary resources to represent the plaintiff and any others who opt in to this collective action, I find Wolf Rifkin Shapiro, Johnson Becker, and Sommers Schwartz can fairly and adequately perform the role of interim class counsel for the putative class in this conditionally certified FLSA action.

## III.    Proposed Collective Action Notice [Doc. 13-1]

I next consider whether to approve the proposed notice of collective action and opt-in form in the format attached to the motion as Exhibit 1.[43]  When an FLSA collective action is conditionally certified, a district court may authorize the named plaintiffs to send notice to "all potential plaintiffs" and "may set a deadline for plaintiffs to join the suit by filing consents to sue."[44]

Wright submits a proposed notice and consent-to-suit form,[45] and Jacob offers a handful of objections.[46]  Jacob generally objects that a notice is unnecessary and will only "'stir[] up . . .

---

[41]  Fed. R. Civ. P. 23(g)(1)(A).

[42] Fed. R. Civ. P. 23(g)(1)(B).

[43] Doc. 13-1.

[44] *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citation omitted); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

[45] Doc. 13-1.

[46] Doc. 20.

litigation through unwarranted solicitation."[47]  The court does not perceive a notice of collective action as having this goal or effect.  Jacob next argues that the proposed notice is defective because it does not indicate that the option to join is voluntary.[48]  I disagree; the notice contains ample language that clearly indicates that participation is optional.[49]  For example, paragraph 3 of the proposed notice states, "It is entirely your own decision whether to join this lawsuit."[50]

Nevertheless, the form notice is not acceptable in its current form.  It is rife with typos (*see, e.g.,* paragraph 3: "If you meet **thedescription** in paragraph number **three (3)** above" (it should be paragraph 2); paragraph 4: "If you **chose** to join in this case," and "The**re** decisions made and entered into by the representative Plaintiff will be binding. . .").  Its scope is too wide because it is directed to all Jacob shuttle-bus drivers, not just those working the McCarran economy lots under the contract with the County.  And the consent-to-join form needs an acknowledgment that the employee has read the notice and consents to the terms stated therein.  It also should direct the employee to return the consent form to class counsel, not to file it with the court.

These various errors and omissions prevent the court from approving the form notice and consent-to-join form as attached.  The request to approve this form notice and consent-to-join form is denied.

## IV.   Undeveloped Requests

There is also a handful of undeveloped issues that relate to the collective-action notice.  The introduction to the motion for conditional certification states that "Plaintiff seeks an Order: . . . (2) Compelling Defendants to provide Plaintiff with the names, known addresses, known email addresses, and known telephone numbers of all potential collective class members; . . . (4) Requiring Defendants to post a copy of the Short-Form Notice of this suit in all of its locations in subject states; (5) Allowing potential Class members to file consents to sue using an electronic signature service;

---

[47] Doc. 20 at 11.

[48] *Id.*

[49] *See* Doc. 13-1.

[50] Doc. 13-1 at 3.

1   [and] (6) Providing for a reminder postcard as part of the Notice process."[51]  None of these issues,

2   however, is addressed in the body of the motion.  There is no "Short-Form Notice" or "reminder

3   postcard" proposed, and the court has no idea what plaintiff means by "in subject states" or "an

4   electronic signature service."  The court suspects that this language is the vestigial remains of a

5   motion in another suit that was not excised in the adaption of this prior work to this case.  If,

6   however, these requests were intended to be urged by this motion, they are too insufficiently

7   developed for the court to fairly evaluate them.  The court declines to grant any of this relief at this

8   time.

9          In sum, the court grants conditional certification of a collective action for minimum-wage

10  and overtime violations under the FLSA for all persons employed by Jacob Transportation, LLC dba

11  Executive Las Vegas as McCarran International Airport economy-lot shuttle-bus drivers during the

12  last three years.  The law firms of Johnson Becker, Sommers Schwartz, and Wolf Rifkin Shapiro are

13  appointed interim counsel for the plaintiffs in this collective action.  However, the request to approve

14  the proposed notice and consent-to-join form is denied without prejudice.  Plaintiff is encouraged to

15  review the drafts carefully, scrub them of typos, revise them to comport with the scope of the

16  collective action approved by this order,[52] and submit them (along with any other properly developed

17  request related to the notice and consent form) with a new motion for approval.  When submitting

18  the renewed request for approval, plaintiff should also deliver to Judge Dorsey's chambers (with a

19  copy to defendant's counsel) a digital copy (in Word or Word Perfect format) of the proposed notice

20  and consent forms for the court to revise if necessary.

21  **IV.    Motion to Strike Affirmative Defenses**

22          Finally, plaintiff asks the court to strike five of Jacob's affirmative defenses because they are

23  not true affirmative defenses.  "[A]n affirmative defense, under the meaning of FRCP 8(c), is a

24  defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even

25

26

27  [51] Doc. 13 at 3.

28  [52] Plaintiff's counsel is encouraged to adhere to the forms approved in *Cardoza v. Bloomin'
    Brands, Inc. et al.*, 2:13-cv-01820-JAD-NJK, in which they are also counsel of record.

if all of the elements of the plaintiff's claim are proven."[53]  FRCP 12(f) allows a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege."[54]  The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues."[55]  "A court must view the pleading under attack in the light most favorable to the pleader."[56]

### A.    *Affirmative defense #1: failure to state a claim*

Jacob's affirmative defense #1 states that Wright failed to state a claim for which relief may be granted.[57]  Wright argues this is not a true affirmative defense.[58]  Courts disagree whether a Rule 12(b)(6)-type assertion should be stricken when asserted as an affirmative defense.  Some hold that a failure to state a claim occurs when one cannot establish the claim's elements; it is only after the elements have been established that affirmative defenses can be raised.[59]  Thus, a failure to state a claim is a defect in a plaintiff's prima facie case, not a real affirmative defense.[60]  Others recognize

---

[53] *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

[54] *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), *rev'd on other grounds*, 474 F. App'x 515 (9th Cir. 2012).

[55] *SidneyVinstein v. A.H. Robins Co.*, 697 F. 2d  880, 885 (9th Cir. 1983).

[56] *Cardinale v. La Petite Acad., Inc.*, 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002).

[57] Doc. 12 at 7.

[58] Doc. 16 at 3.

[59] *FTC v. Johnson*, 2013 WL 2460359, at *9 (D. Nev. June 6, 2013); *see also Vogel v. OM ABS, Inc.*, 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014).

[60] *Barnes*, 718 F. Supp. 2d at 1174; *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense"); *McCune v. Munirs Co.*, 2013 WL

that the theory is not a true affirmative defense but find that its inclusion in a responsive pleading is authorized by FRCP 12(h)(2), which states that "Failure to state a claim upon which relief can be granted . . . may be raised" in an answer.[61]  Because FRCP 12(h)(2) expressly permits Jacobs to raise an alleged failure to state a claim upon which relief may be granted in its answer, the court will permit this affirmative defense to stand.  The request to strike affirmative defense #1 is denied.

### B.   *Affirmative defense #15: payment*

Affirmative Defense No. 15 states, "The Plaintiffs, on behalf of those allegedly similarly situated, has [sic] been paid minimum wages as required by Federal or State law and Counterclaimant is entitled to no monetary relief, as such, the Complaint should be dismissed."[62]  Wright argues this affirmative defense is unclear and could potentially be a "general denial of a claim, a counterclaim, an admission, a typo, or an improper motion to dismiss."[63]  Jacob contends that this affirmative defense is meant as an affirmative defense of payment.[64]  It appears that everyone agrees—and I also find—that this affirmative defense is incoherent.  To the extent that it was intended to allege that the plaintiff has been paid, it is redundant of three other (similarly typo-ridden) affirmative defenses: #2, which states that "Plaintiffs have been paid in full for all of his [sic] claimed wages"; #3, which contains the assertion that "Plaintiffs have been pain [sic] in full all amounts that they are entitled to"[65]; and #6, which avers, "Plaintiffs' claim [sic] are barred by the doctrines of satisfaction and payment."  At best, affirmative defense #15 (as intended by plaintiff if

---

5467212, at *3 (E.D. Cal. Sept. 30, 2013); *Comercializadora Recmaq v. Hollywood Auto Mall, LLC*, 2014 WL 3628272, at *17 (S.D. Cal. July 21, 2014).

[61] *Biscayne Cove Condo. Ass'n., Inc. v. QBE Ins. Corp.*, 951 F. Supp. 2d 1292, 1304–05 (S.D. Fla. 2013); Fed. R. Civ. P. 12(h)(2); Fed R. Civ. P. 7(a)(2).

[62] Doc. 12 at 8.

[63] Doc. 16 at 5–6.

[64] Doc. 21 at 3.  Jacob states in its response to the motion to strike that the payment argument is affirmative defense #59 instead of the correct affirmative defense #15. Since Jacob quotes part of affirmative defense #15, I assume it means to refer to affirmative defense #15.

[65] Doc. 12 at 7.

1   not as stated) is redundant.  The motion to strike this defense is granted.

2      **C.      *Affirmative defenses ##40 and 41: Rule 11***

3          Jacob's affirmative defenses ##40 and 41 both assert that Wright violated Federal Rule of

4   Civil Procedure 11 by filing this lawsuit.[66]  Wright argues that Rule 11 is a separate procedural

5   matter, not an affirmative defense.[67]  Rule 11 contains very specific instructions on how its

6   protections may be invoked.[68]  *By pleading it as an affirmative defense* is not part of those

7   instructions.[69]  Accordingly, I find that the notion that plaintiff's complaint violates Rule 11 has no

8   place among Jacob's affirmative defenses, and I strike affirmative defenses ##40 and 41.

9      **D.      *Affirmative defense #59: reservation of the right to amend***

10          With affirmative defense #59, Jacob purports to reserve the right to amend its answer to state

11   additional affirmative defenses it may have missed.[70]  Wright argues that amending pleadings is

12   governed by FRCP 15 and, essentially, this purported reservation is of no effect because any

13   amendment will require a motion under Rule 15.  Courts consistently hold that "a reservation of

14   affirmative defenses is not an affirmative defense."[71]  Amendment must be accomplished using Rule

15   15.[72]  Therefore, I grant the motion in this regard and strike Jacob's affirmative defense #59 because

16   it has no purpose or effect.

17   _____

18   [66] Doc. 12 at 12.

19   [67] Doc. 16 at 4.

20   [68] *See* Fed. R. Civ. P. 11(c)(1) & (2).

21   [69] *See, e.g.*, *J & J Sports Prods., Inc. v. Mendoza-Govan*, 2011 WL 1544886, at *7 (N.D. Cal. Apr.
22   25, 2011) (striking Rule 11 affirmative defense, reasoning, "A statement that defendant will seek
23   Rule 11 sanctions against plaintiff is a claim for affirmative relief, not an affirmative defense.");
     *Telcom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC*, 2014 WL 407725, at *1 (D. Mass.
24   Jan. 31, 2014) (striking Rule 11 affirmative defense because "Rule 11 is not an affirmative defense
     to the claims of liability.  It is a rule of civil procedure with its own set of procedures.").

25   [70] Doc. 12 at 12.

26
27   [71] *Johnson*, 2013 WL 2460359 at *9 (citing *EEOC v. Timeless Investments, Inc.*, 734 F. Supp. 2d
     1035, 1055 (E.D. Cal. 2010)).

28   [72] *Timeless Investments, Inc.*, 734 F. Supp. 2d at 1055.

1

**Conclusion**

2      Accordingly, IT IS HEREBY ORDERED that **plaintiff's motion for conditional**

3 **certification of collective action [Doc. 13] is GRANTED.**  The court conditionally certifies an

4 FLSA collective action for minimum-wage and overtime violations on behalf of persons employed

5 by Jacob Transportation, LLC dba Executive Las Vegas as McCarran International Airport economy-

6 lot shuttle-bus drivers during the last three years.  Wright's request for approval of the proposed class

7 notice and opt-in form [Doc. 13-1], however, is denied without prejudice.

8      IT IS FURTHER ORDERED that the law firms of Wolf Rifkin Shapiro Schulman & Rabkin,

9 LLP; Johnson Becker PLLC; and Sommers Schwartz PC are appointed as interim class counsel.

10      IT IS FURTHER ORDERED that Wright's motion to strike **[Doc. 16] is GRANTED in part**

11 **and DENIED in part.  Affirmative defenses ##15, 40, 41, and 59 are STRICKEN from the**

12 **Answer [Doc. 12].**

13      Dated this 24th day of June, 2015

14

15      Jennifer A. Dorsey
       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28