UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Raymond Wright, et al., | 2:15-cv-00056-JAD-NJK |
|---|---|
| Plaintiffs | **Order Granting Motion for Partial Summary Judgment and Denying Request for Relief Under FRCP 56(d)** |
| v. | |
| Jacob Transportation, LLC dba Executive Las Vegas, | [ECF No. 55] |
| Defendant | |

Plaintiff Raymond Wright sues Jacob Transportation, LLC for violating the FLSA's[1] minimum-wage, overtime, and anti-retaliation provisions and NRS 608.016's requirement that an employee be paid for each hour that he works.[2]  I conditionally certified Wright's FLSA minimum-wage and overtime claims as a collective action.[3]  Nine plaintiffs timely opted-in to the collective action: Russell Jenkins, Bobby Copeland, Jose Hernandez, Lionel Tayou, Jack Loeb, Alemayehu Solomon, Stanley Wierzbicki, Berhanu Negussie, and Raymond Barnes.[4]

Jacob Transportation now moves for summary judgment on the collective plaintiffs' FLSA minimum-wage claim and Wright's claim[5] under NRS 608.016.[6]  Jacob Transportation's evidence shows that there is no genuine issue for trial and that it is entitled to summary judgment in its favor on these claims.  Plaintiffs do not offer any evidence in response; they ask me to

---

[1] Fair Labor Standards Act, 29 U.S.C. §§ 201–19.

[2] ECF No. 1.

[3] ECF No. 35.

[4] ECF Nos. 7, 42–47.  Russell Jenkins filed his consent-to-sue form shortly after Wright filed his complaint.  The others filed during the notice and opt-in period.

[5] No opt-in plaintiff has sought to plead this claim in addition to the claims under the FLSA.  This claim is pled for a proposed class but no class has been certified for it under FRCP 23.

[6] ECF No. 55.

apply FRCP 56(d) to delay considering or deny the motion, arguing that Jacob Transportation thwarted their ability to engage in discovery.[7] I am not persuaded that denying or delaying ruling on the summary-judgment motion is appropriate under the circumstances of this case. I therefore deny plaintiffs' request for FRCP 56(d) relief and grant Jacob Transportation's motion for summary judgment on the first and third claims for relief.[8]

## Discussion

**A.    Plaintiffs' FRCP 56(d) delay-or-deny request**

Plaintiffs ask me, under FRCP 56(d), to deny Jacob Transportation's summary-judgment motion or to delay considering it, arguing that they cannot present facts essential to justify their opposition because Jacob Transportation refused to engage in discovery. Rule 56(d) authorizes district courts to defer considering a motion for summary judgment or deny it if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."[9] "In ruling on a 56(d) motion, a district court considers:" (1) "whether the movant had sufficient opportunity to conduct discovery"; (2) "whether the movant was diligent"; (3) "whether the information sought is based on mere speculation"; and (4) "whether allowing additional discovery would preclude summary judgment."[10]

Plaintiffs cite *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation* for the proposition that FRCP 56(d) motions should be freely granted

---

[7] ECF Nos. 56–57.

[8] I recently consolidated *Brown v. Jacob Transportation*, 16-cv-02436-JAD-NJK with this case for all purposes with this case being the lead case. **No part of this order is intended to apply to the claims raised by the *Brown* plaintiffs.**

[9] Fed. R. Civ. Proc. 56(d)(1). The rule also authorizes district courts to allow more time to obtain affidavits or declarations or take discovery or issue any other appropriate order.

[10] *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 (9th Cir. 2014) (unpublished) (collecting cases) (internal citations omitted).

when a party has been thwarted in its attempt to seek discovery.[11] In *Burlington*, the Ninth Circuit explained that when a motion for summary judgment is "filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."[12] The plaintiff in that case filed its motion for summary judgment "less than a month after filing suit."[13]

Jacob Transportation's motion for summary judgment is not so hasty as the one in *Burlington*. After plaintiffs moved to conditionally certify an FLSA collective action and I set that motion for oral argument, the parties stipulated to stay discovery (other than initial disclosures required by FRCP 26) and delay submitting a proposed discovery-scheduling order until July 6, 2015.[14] U.S. Magistrate Judge Foley, Jr. granted the stipulation.[15] The order required the parties to submit a proposed discovery-scheduling order one week after I heard oral argument on the conditional-certification motion, which was scheduled for June 29, 2015.[16] I vacated that hearing, but on June 25, 2015, I granted the motion in part and conditionally certified a collective action for the FLSA minimum-wage and overtime claims.[17] I then approved, with changes, the form of the notice and consent-to-sue forms.[18] The notice and form were sent to the potential plaintiffs and eight of them opted-in to the collective action by the

---

[11] ECF No. 56 at 6 (citing *Burlington Northern Santa Fe. R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003) (*Burlington*)).

[12] *Id.* (discussing FRCP 56(f), the predecessor to FRCP 56(d)).

[13] *Burlington*, 323 F.3d at 773.

[14] ECF No. 26.

[15] ECF No. 28.

[16] ECF No. 28 at 2.

[17] ECF No. 35.

[18] ECF No. 40.

April 25, 2016, deadline.[19] One year and five months later, the parties still have not submitted a proposed discovery-scheduling order, so none has been entered in this case.

At some point, plaintiffs served written discovery on Jacob Transportation, which responded to every request and interrogatory: "Objection. Discovery is not open in the case under the Federal Rule of Civil Procedure 26, under any discovery scheduling order, or otherwise. In addition, Defendant would have additional objections, which are reserved until such time as discovery is open."[20] Two months after that, plaintiffs' counsel emailed Jacob Transportation's counsel with a carrot—a proposed discovery-scheduling order—and a stick—a draft motion seeking relief from the supposed stay and to compel Jacob Transportation to respond to discovery requests.[21] Plaintiffs never filed either their carrot or their stick. Four more months passed and Jacob Transportation moved for partial summary judgment. Seven months have passed since Jacob Transportation filed its motion, but plaintiffs have not moved to lift the supposed discovery stay or for an order clarifying that none exists, moved to compel discovery responses from Jacob Transportation, moved to compel Jacob Transportation to provide FRCP 26(a)(1) initial disclosures (or more adequate ones),[22] filed a joint proposed discovery-scheduling order, or filed an individually proposed one if Jacob Transportation was so recalcitrant.

I find on this record that plaintiffs had sufficient opportunity to conduct discovery but were not diligent in doing so. I also find that the information that plaintiffs seek is based on mere speculation in light of the evidence that Jacob Transportation provides with its motion.[23] I make this finding because Jacob Transportation's testimonial evidence addresses each fact that is essential to the subject claims, so it appears what plaintiffs seek to discover is evidence that the

---

[19] ECF Nos. 42–47.

[20] *See e.g.* ECF No. 57-1 at 6 (Response to Request No. 11).

[21] ECF No. 57-3 at 2.

[22] It is unclear what, if anything, the parties exchanged in their FRCP 26(a)(1) initial disclosures.

[23] This is not to say that the information sought would be speculative as to the other claims.

declarant perjured herself. But plaintiffs have not shown that there is even a whiff of untruth in Jacob Transportation's testimonial or documentary evidence. For this reason, I find that plaintiffs also have not shown that additional discovery would preclude summary judgment. I therefore deny plaintiffs' request for relief under FRCP 56(d).

I caution Jacob Transportation that it should not take this decision as a call to arms to similarly attack plaintiffs' other claims before the parties have righted this ship by getting a discovery-scheduling order in place and meaningfully engaged in discovery. Just because plaintiffs did not in this instance show that Jacob Transportation has been derelict or recalcitrant in its discovery obligations does not mean that they cannot make that showing in the future.

**B.    Jacob Transportation's summary-judgment motion**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[24] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[25] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[26]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[27] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a

---

[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[25] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[26] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

declarant perjured herself. But plaintiffs have not shown that there is even a whiff of untruth in Jacob Transportation's testimonial or documentary evidence. For this reason, I find that plaintiffs also have not shown that additional discovery would preclude summary judgment. I therefore deny plaintiffs' request for relief under FRCP 56(d).

I caution Jacob Transportation that it should not take this decision as a call to arms to similarly attack plaintiffs' other claims before the parties have righted this ship by getting a discovery-scheduling order in place and meaningfully engaged in discovery. Just because plaintiffs did not in this instance show that Jacob Transportation has been derelict or recalcitrant in its discovery obligations does not mean that they cannot make that showing in the future.

**B.    Jacob Transportation's summary-judgment motion**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[24] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[25] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[26]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[27] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a

---

[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[25] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[26] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[28]  The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[29]

Jacob Transportation moves for summary judgment on plaintiffs' first claim for violations of the FLSA's minimum-wage provisions and Wright's third claim for violations of Nevada's statutory requirement that an employee be paid for each hour that he works.[30]  To support its motion, Jacob Transportation provides the sworn declaration of its chief executive officer and Wright's paystubs and timesheets for the pay periods between October 12 and November 21, 2014.[31]  Plaintiffs do not provide any merits evidence in response, nor do they refer me to any evidence that is already in the record.[32]  Instead, they request a delay or denial under FRCP 56(d), which I have denied, and argue that Jacob Transportation's evidence shows that it underpaid Wright by .01 hours during the relevant 40-day period.[33]

Plaintiffs' theory for their first claim pleading violations of the FLSA's minimum-wage provisions is that Jacob Transportation had a pattern and policy of requiring the economy-lot shuttle-bus drivers to perform off-the-clock work.  Plaintiffs allege that the drivers' trip sheets contain two sets of time-clock punches: (1) in and out of Jacob Transportation's office and (2) in and out of the airport's economy lot.[34]  This created two time periods from which Jacob Transportation could pay the drivers.  The difference between the two sets of numbers is

---

[28] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[29] Fed. R. Civ. Proc. 56(c); *Orr*, 285 F.3d at 773–74.

[30] ECF No. 55.

[31] *Id.* at 17–57.  Wright quit working for Jacob Transportation on November 21, 2014.

[32] *See generally* ECF Nos. 56 (response), 57 (affidavit of counsel in support of response).

[33] ECF No. 56 at 3.

[34] ECF No. 1 at ¶ 24.

approximately one hour each day, with the time between punching in and out of Jacob Transportation's office being the longer period.[35] Plaintiffs allege that Jacob Transportation required the drivers to punch in and out of its office but then paid them only for the time shown between the drivers punching in and out of the airport (i.e. the lesser of the two periods).[36] Plaintiffs allege that this policy began to violate the FLSA's minimum-wage provisions on October 4, 2014, when Jacob Transportation converted from a tip-compliance to an hourly compensation scheme and lowered the drivers' hourly wage from $10.18 to $7.25 per hour.[37] Wright's claim under NRS 608.016 mirrors the FLSA claim but is based on Nevada state law.[38]

      The questions that are essential to both claims at issue here are: (1) when did Jacob Transportation change the compensation system and per-hour amount of pay; (2) did Jacob Transportation count the time that plaintiffs traveled to and from Jacob Transportation's office as hours worked; and (3) did Jacob Transportation compensate the plaintiffs at least $7.25 per each hour worked. Jacob Transportation's evidence addresses each material fact. Its chief executive officer declares under penalty of perjury that the hourly compensation system at issue commenced with the pay period beginning on October 12, 2014,[39] not on October 4, 2014, as plaintiffs allege.[40] The CEO attests that "Jacob Transportation calculated Raymond Wright's pay, and that of all other economy-lot shuttle-bus drivers, according to the time when they punched-in and punched-out at Jacob Transportation's office."[41] Further, that the "punch-in and punch-out times at Jacob Transportation's office are the time that are used in the Payroll

---

[35] *Id.*

[36] *Id.* at ¶¶ 24–25, 33.

[37] *Id.* at ¶¶ 31–33, 53–60.

[38] *Id.* at ¶¶ 66–70.

[39] ECF No. 55 at 17, ¶¶ 2–3.

[40] ECF No. 1 at ¶ 31.

[41] ECF No. 55 at 18, ¶ 7; *accord* ECF No. 55 at 17–19, ¶¶ 3, 10, 15.

Records."[42]  The CEO also attests that the economy-lot shuttle-bus drivers were paid $7.25 per hour worked during this period.[43]  Attached to the CEO's declaration, sworn by her to be true and correct, are copies of Wright's timesheets and payroll stubs for relevant time period.[44]  A comparison of these records, a breakdown of which the CEO also provides, shows that Jacob Transportation paid Wright for the greater of the two options: the time between punching in and out from Jacob Transportation's office, not, as Wright alleges, the time between punching in and out of the airport.[45]  I find that Jacob Transportation has met its burden to show that there is no dispute about the facts that are material to the claims alleging violations of the FLSA minimum-wage provisions and NRS 608.016's requirements.[46]

With that hurdle cleared, the burden shifts to plaintiffs to "set forth specific facts showing that there is a genuine issue for trial."[47]  But plaintiffs provide no evidence in response and do not direct my attention to any evidence that is already in the record.  They instead argue that Jacob Transportation's evidence shows that it failed to compensate Wright for one hundredth of an hour (36 seconds): it paid Wright for 84.94 hours worked during the October 12–25, 2014, pay period but the timesheets show that he worked 84.95 hours during that time.[48]  Jacob Transportation explains that this is not a failure to pay or a math error, but a function of rounding

---

[42] ECF No. 55 at 18, ¶ 10.

[43] *Id.* at 17, ¶ 2.

[44] *Id.* at 17–57.

[45] *Id.* at 53.

[46] Plaintiffs correctly point out that Jacob Transportation provides no evidence about whether driving to and from Jacob Transportation's office is an integral and indispensable part of the economy-lot shuttle-bus drivers' principal activities.  I therefore do not consider or decide Jacob Transportation's argument that the time that the shuttle-bus drivers spent driving to and from Jacob Transportation's office is not compensable under *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014), and the Portal-to-Portal Act of 1947 (29 U.S.C. §§ 251–62).

[47] *Anderson* , 477 U.S. at 256 (1986); *Celotex*, 477 U.S. at 323.

[48] ECF No. 56 at 3.

when converting minutes into hundredths of an hour.[49] "Rounding practices" are allowed under the regulations promulgated by the DOL interpreting the FLSA,[50] especially when time clocks are used, "provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked."[51] Plaintiffs complain about a single instance amounting to 36 seconds of unpaid time over a 40-day period, they do not allege—let alone show—that, over time, Jacob Transportation's results in a failure to properly compensate the economy-lot shuttle-bus drivers. Plaintiffs have not discharged their burden to show that there is a genuine issue for trial on either the FLSA minimum-wage claim or the claim under NRS 608.016.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Jacob Transportation's motion for partial summary judgment as to plaintiffs' first claim pleading violations of the FLSA's minimum-wage provisions and Wright's third claim pleading violations of NRS 608.016 **[ECF No. 55] is GRANTED**.

IT IS FURTHER ORDERED that plaintiffs' request under FRCP 56(d) to deny or delay considering Jacob Transportation's motion for partial summary judgment is **DENIED**.

DATED: September 28, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[49] ECF No. 58 at 3 n.1.

[50] The regulations contained in part 785 of title 29 of the Code of Federal Regulations constitute the positions that the Administrator "will take in enforcement of the Act." 29 C.F.R. § 785.2.

[51] 29 C.F.R. § 785.48(b).