JAMES J. JIMMERSON, ESQ.
Nevada Bar No.: 264
KEVIN J. HEJMANOWSKI, ESQ.
Nevada Bar No: 10612
THE JIMMERSON LAW FIRM, P.C.
415 South 6th Street, Suite 100
Las Vegas, Nevada 89101
Tel No.: (702) 388-7171
Fax No.: (702) 380-6406
Email: ks@jimmersonlawfirm.com
*Attorneys for Defendant Jacob Transportation Services, LLC dba Executive Las Vegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND WRIGHT, an individual and resident of Nevada; on behalf of himself and all similarly-situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>JACOB TRANSPORTATION SERVICES, LLC, a Nevada Limited Liability Company, D/B/A EXECUTIVE LAS VEGAS,<br><br>Defendant. | CASE NO.: 2:15-CV-00056-JAD-NJK |

**DEFENDANT JACOB TRANSPORTATION SERVICES, LLC'S MOTION TO STRIKE DECLARATION OF MOLLY E. NEPHEW (DKT. NO. 79-1) AND PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR OVERTIME WAGES (DKT. NO. 79)**

Defendant Jacob Transportation Services, LLC (hereinafter referred to as "Defendant") moves the Court to strike from the record the Declaration of Molly E. Nephew (Dkt. No. 79-1) and certain portions of Plaintiff's Response to Defendant's Motion for Summary Judgment as to Plaintiff's Claim for Overtime Wages (Dkt. No. 79) because Plaintiff and his counsel

1

improperly referenced the parties' settlement discussions. This Motion is based on the following Memorandum of Points and Authorities, the Declaration of James J. Jimmerson, the papers and pleadings on file, and any oral argument which may be allow at the hearing on this matter.

DATED this **6** day of July, 2018.

THE JIMMERSON LAW FIRM, P.C.

By: /s/ Kevin J. Hejmanowski
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 264
KEVIN J. HEJMANOWSKI, ESQ.
Nevada Bar No. 10612
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
Tel No.: (702) 388-7171
Fax No.: (702) 380-6406
Email: ks@jimmersonlawfirm.com
*Attorneys for Defendant Jacob Transportation Services, LLC dba Executive Las Vegas*

## MEMORANDUM OF POINTS AND AUTHORITIES

Ms. Molly E. Nephew, Esq's Declaration (Dkt. No. 79-1), specifically paragraphs 2, 3, 4, and 5, and the corresponding parts of Plaintiff's Response to Defendant's Motion for Summary Judgment as to Plaintiff's Claim for Overtime Wages (Dkt. No. 79), specifically p. 1, lns. 20-28 (starting with the word "Prior" and ending with the word "Parties); p. 2, lns. 1-5 (starting with the word "would" and ending with the word "moot"), p. 3, lns. 11-27 (starting with the word "and" and ending with the word "FSLA"), and p. 4, ln. 1 (ending the word "filing") should be struck from the record because of Plaintiff counsel's improper reference to the parties' settlement discussions and statements made by Defendant's counsel during those discussions. *See* Declaration of James J. Jimmerson, attached as Exhibit A hereto. Federal Rules of Evidence 408

2

entitled "Compromise Offers and Negotiations" provides that statements made during settlement negotiations are not admissible to prove or disprove the validity of a disputed claim:

> Rule 408. Compromise Offers and Negotiations
>
> (a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

*See* F.R.C.P. 408; *see also Kravitz, Schnitzer, Sloane & Johnston, Chtd. v. Asta Funding, Inc.*, No. 2:10-CV-486-JCM-PAL, 2011 WL 2609397, *2 (D. Nev. June 30, 2011) (Court struck parts of affidavit and motion to dismiss which referenced settlement discussions or a compromise). Specifically, the language which the *Kravitz* Court struck was:

> Paragraph eight of Mr. Watson's affidavit states that plaintiff "attempted to resolve the matter directly with [d]efendant. Early settlement discussions were conducted, where the [d]efendant has agreed to compensate [plaintiff] for fees earned and costs incurred, but the parties were unable to settle on a specific amount.

*Id.* Plaintiff's counsel practices in Minnesota, and Minnesota has a rule of evidence entitled "Compromise and Offers to Compromise":

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of a claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

*See* Minn. R. Evid. 408; *see also Esser v.* Brophey, 3 N.W.2d 3, 4-5 (Minn. 1942) (Statements made in compromise negotiations are not admissible); *see also* 23 Minn. Prac., Trial Handbook for Minn. Lawyers § 35:7 (2017-2018 ed.), which provides:

> ***It is virtually always improper to introduce evidence or to argue that a settlement was discussed, offered or rejected,*** or the details of or statements in any such negotiations. Minn. R. Evid. 408; Admissibility of evidence of unperformed compromise agreement, 26 A.L.R.2d 858; Admissibility of admissions made in connection with offers or discussions of compromise, 15 A.L.R.3d 13. The purpose, of course, is to encourage settlements without fear of later adverse exploitation of the negotiations. (Emphasis added).

Accordingly, the Declaration of Molly E. Nephew (Dkt. No. 79-1), specifically paragraphs 2, 3, 4, and 5, and the corresponding parts of Plaintiff's Response to Defendant's Motion for Summary Judgment as to Plaintiff's Claim for Overtime Wages (Dkt. No. 79) referencing the parties' settlement discussions, specifically p. 1, lns. 20-28 (starting with the word "Prior" and ending with the word "Parties); p. 2, lns. 1-5 (starting with the word "would" and ending with the word "moot"), p. 3, lns. 11-27 (starting with the word "and" and ending with the word "FSLA"), and p. 4, ln. 1 (ending the word "filing") should be struck from the record.

DATED this __6__ day of July, 2018.

THE JIMMERSON LAW FIRM, P.C.

By: _____
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 264
KEVIN J. HEJMANOWSKI, ESQ.
Nevada Bar No. 10612
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
Tel No.: (702) 388-7171
Fax No.: (702) 380-6406
Email: ks@jimmersonlawfirm.com
*Attorneys for Defendant Jacob Transportation Services, LLC dba Executive Las Vegas*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on, July 6, 2018, I served a copy of this **DEFENDANT JACOB TRANSPORTATION SERVICES, LLC'S MOTION TO STRIKE DECLARATION OF MOLLY E. NEPHEW (DKT. NO. 79-1) AND PORTIONS OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S CLAIM FOR OVERTIME WAGES (DKT. NO. 79)** via electronic means in accordance with the court's order requiring electronic service in this case, and that it was served on all parties registered with the court's CM / ECF system of electronic service.

/s Kevin Hejmanowski
An Employee of the Jimmerson Law Firm, P.C.