# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Wright, et al., | Case No.: 2:15-cv-00056-JAD-NJK (Lead) |
| Plaintiffs | |
| v. | **Order Granting Motion for Summary Judgment and Denying Motion to Strike** |
| Jacob Transportation, LLC dba Executive Las Vegas, | [ECF Nos. 78, 81] |
| Defendant | |

Plaintiff Raymond Wright and nine[1] other shuttle-bus drivers sue their employer, Jacob Transportation, LLC, in this collective action for violating the FLSA's[2] minimum-wage, overtime, and anti-retaliation provisions and NRS 608.016's requirement that an employee be paid for each hour that he works.[3] Six months ago, I granted summary judgment in Jacob Transportation's favor on two of the drivers' four claims for relief and instructed the parties to get a discovery-scheduling order in place and meaningfully engage in discovery.[4] Since that order, all the opt-in plaintiffs except Solomon filed notice that they were withdrawing their consents to sue.[5] So, too, did the original plaintiffs in a case[6] that I consolidated with this one.[7]

---

[1] ECF Nos. 7-1 (Russell Jenkins), 42-1 (Bobby Copeland), 42-2 (Jose Hernandez), 42-3 (Lionel Tayou), 43-1 (Jack Loeb), 44-1 (Alemayehu Solomon), 45-1 (Stanley Wierzbicki), 46-1 (Berhanu Negussie), 47-1 (Raymond Barnes).

[2] Fair Labor Standards Act, 29 U.S.C. §§ 201–19.

[3] ECF No. 1 (complaint).

[4] ECF No. 60 (granting summary judgment on plaintiffs' first and third claims for relief).

[5] ECF Nos. 69 (Copeland, Henrandez, and Tayou), 70 (Loeb), 71 (Wierzbicki), 72 (Negussie), 73 (Barnes), 77 (Jenkins).

[6] *Brown v. Jacob Transportation, LLC*, 2:16-cv-02436-JAD-NJK (D. Nev.).

[7] ECF No. 65 (Willie Brown and Emmett Wallace).

Jacob Transportation then moved for summary judgment on Wright's second cause of action for FLSA-overtime violations, arguing that its shuttle-bus drivers are exempted from receiving overtime compensation by the Motor Carrier Act.[8] Wright responds that he "takes no position as to the sum and substance" of the summary-judgment motion because the parties have settled and, regardless of how I rule on the motion, they intend to file a joint motion to approve their settlement.[9] Jacob Transportation argues in reply that Wright's response is really a non-opposition that constitutes a consent to the granting of the motion under Local Rule 7-2(d).[10] Jacob Transportation also moves under FRE 408 to strike the parts of Wright's response and his attorney's supporting declaration that discusses the parties' settlement negotiations.[11] For the reasons discussed below, I grant Jacob Transportation's summary-judgment motion, deny its motion to strike, and order the parties to file proper dismissal stipulations for the withdrawing plaintiffs.

**I.    Jacob Transportation's summary-judgment motion [ECF No. 78]**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[12] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[13] When the plaintiff bears the burden of proof at trial "it must come forward with evidence [that] would entitle it to a directed

---

[8] ECF No. 78.
[9] ECF No. 79.
[10] ECF No. 80.
[11] ECF No. 81.
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[13] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

verdict if the evidence went uncontroverted at trial."[14] The plaintiff must establish "beyond controversy every essential element of its" claim in order to avoid trial and prevail on summary judgment.[15]

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[16] As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[17]

Wright's second claim for relief alleges that Jacob Transportation had a policy and practice of willfully refusing to pay appropriate compensation for all hours that the shuttle-bus drivers worked in excess of 40 hours per week.[18] Jacob Transportation argues that it is entitled to summary judgment on this claim because Wright is exempt from the FLSA's overtime requirements. "Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'"[19] Among other things, § 207

---

[14] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

[15] *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

[16] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *accord* L.R. 7-2(d) (providing that "[t]he failure of an opposing party to file points and authorities in response to any motion, **except a motion under [FRCP] 56** or a motion for attorney's fees, constitutes a consent to the granting of the motion." (emphasis added)).

[17] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

[18] ECF No. 1 at ¶¶ 61–65.

[19] *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (alteration in original) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)).

of the FLSA requires "employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages."[20]  However, § 213 of the FLSA exempts certain employees from § 207 coverage.  Section 213(b)(1), known as the "Motor Carrier" exemption, provides that the FLSA's wage and hour provisions "shall not apply with respect to . . . any employee . . . to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" under 49 U.S.C. § 31502.  In turn, § 31502(b)(1) authorizes the Secretary of Transportation to prescribe requirements for the "qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier . . . ."  A "motor carrier" is a person who provides "motor vehicle transportation for compensation."[21]

Whether an employee qualifies for the exemption "depends on both the class to which his employer belongs and on the class of work involved in the employee's job."[22]  The Department of Labor has established a two-part test to determine if an employee qualifies for the exemption.[23]  First, the employee must be "employed by carriers whose transportation of passengers or property by motor vehicle is subject to" the Secretary of Transportation's jurisdiction under § 204 of the Motor Carrier Act.[24]  Second, the employee must be "engage[d] in activities of a character directly affecting the safety of operation of motor vehicles in the

---

[20] *Id.* (citing 29 U.S.C. § 207(a)).
[21] 49 U.S.C. §§ 13102(14), 31501(2).
[22] 29 C.F.R. § 782.2(a).
[23] *Id.*
[24] *Id.*

transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act."[25]

To show that both elements of this test are met here, Jacob Transportation provides the sworn declaration of its Chief Executive Officer, Carol Jimmerson, and several documents that she declares are true and correct copies of Jacob Transportation's business records. Jimmerson explains that Jacob Transportation is licensed by the Department of Transportation and has been for 12 years.[26] The company's shuttle buses are "commercial motor vehicles," as that term is defined by 49 U.S.C. § 31132(1), because they have gross vehicle weights that exceed 10,000 pounds (close to 20,000 pounds) and are designed or used to transport more than eight passengers (typically 24) for compensation.[27] Each of Jacob Transportation's commercial motor vehicles was issued an identification number by the United States Department of Transportation.[28]

As for the employees' duties, Jimmerson testified that Wright and the other shuttle-bus drivers operate these vehicles by driving them on the public highways to and from the economy lots at McCarran International Airport and throughout Las Vegas.[29] The drivers' daily work duties involve picking up and dropping off airport passengers, many of whom are flying in from, or out to, other states or countries.[30] And although not a daily or even monthly occurrence, Jimmerson testified that the drivers do make regular out-of-state trips with the shuttle buses,

---

[25] *Id.*; *accord* 49 U.S.C. §§ 31502(a)(1), 13501(1).
[26] ECF No. 78-1 at 3, ¶ 4.
[27] *Id.* at 4–5, ¶ 8.
[28] *Id.* at 4, ¶ 7.
[29] *Id.* at 4, ¶ 8.
[30] *Id.* at 5, ¶ 9.

5

typically to California, Utah, and Arizona.[31]  She explains that all of the shuttle-bus drivers are subject to making out-of-state trips because they are completely dependent on the dispatcher for their trip assignments and cannot refuse those assignments.[32]

Further buttressing Jacob Transportation's argument that its shuttle-bus drivers are responsible for the safety of motor-vehicle operations on the public highways in interstate commerce, Jimmerson testified that Jacob Transportation has contracted with numerous airlines and travel agencies to be part of their through-ticketing systems.[33]  She explains that through-ticketing is a means for passengers to purchase a single ticket for trips that involve multiple carriers, e.g., airline, railway, shuttle-bus.  Jimmerson declares that most of these customers are traveling interstate or internationally.[34]  And, according to Jimmerson, the through-ticketing contracts and interstate trip assignments constitute a "substantial" part of Jacob Transportation's business.[35]

Wright doesn't provide evidence to dispute or contradict any part of Jimmerson's testimony or the business records that she provides.  Based on this record, I find that Jacob Transportation has demonstrated that Wright qualifies for the Motor Carrier exemption from the FLSA's overtime requirements in this case.  I therefore grant Jacob Transportation's motion for summary judgment on Wright's second cause of action for FLSA-overtime violations.

---

[31] *Id.* at 5–6, ¶¶ 9–10.

[32] *Id.* at 7, ¶ 13.

[33] *Id.* at 11–14, ¶¶ 22, 25, 27.

[34] *See id.*

[35] *Id.* at 14, ¶ 26.

## II. Jacob Transportation's motion to strike [ECF No. 81]

Jacob Transportation next moves to strike the parts of Wright's response brief and his attorney's supporting declaration that discuss the parties' settlement negotiations.[36] Jacob Transportation contends that these statements are improper under FRE 408. But, as Wright points out, that evidentiary rule proscribes the use of settlement offers and negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction . . . ."[37] Wright doesn't use the parties' settlement discussions for either of these purposes but, rather, to explain why he doesn't contest the merits of Jacob Transportation's summary-judgment motion. In any event, Wright doesn't provide specifics about the settlement points, and he doesn't rely on the substance of those statements in determining Jacob Transportation's summary-judgment motion. I therefore deny Jacob Transportation's motion to strike.

## III. Housekeeping matters

Finally, the plaintiffs who filed notices that they were withdrawing their consents to sue don't state what authority allows them to voluntarily dismiss their actions in that manner. When moving for summary judgment, Jacob Transportation acknowledges—without objection—that these plaintiffs have withdrawn their consents to sue and it proceeds to argue as if Wright is the only plaintiff left standing in this case.[38] I construe Jacob Transportation's silence and words as consent to the voluntary dismissal of this action by these plaintiffs, which leaves original-plaintiff Wright and opt-in plaintiff Solomon. Based on the language in Wright's response

---

[36] ECF No. 81.
[37] Fed. R. Evid. 408(a).
[38] *See generally* ECF No. 78.

7

briefs, I assume that Solomon's failure to file a notice of withdrawal was an oversight.[39]  So, to ensure a clear record in this case, the parties must file a stipulation of dismissal for the withdrawing plaintiffs that complies with FRCP 41(a)(1)(A)(ii) by April 15, 2019.  The parties may file a single stipulation that covers all of them.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Jacob Transportation's motion for summary judgment on Wright's second claim for relief **[ECF No. 78] is GRANTED** and Jacob Transportation's motion to strike **[ECF No. 81] is DENIED.**

IT IS FURTHER ORDERED that the parties have until April 15, 2019, to file a stipulation of dismissal for the withdrawing plaintiffs that complies with FRCP 41(a)(1)(A)(ii).

Dated: March 31, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[39] *See generally* ECF Nos. 79, 82.